**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AJSJS DEVELOPMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 26-280** |
| **PARISH OF ST. JOHN THE BAPTIST, ET AL.** | **SECTION I** |

**ORDER AND REASONS**

Before the Court is a motion[1] to dismiss plaintiff AJSJS Development, LLC's ("plaintiff") complaint[2] for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed by defendants St. John the Baptist Parish and St. John the Baptist Parish Council (collectively, "defendants"). Plaintiff opposes[3] the motion to dismiss, and the defendants submitted a reply.[4] Defendants' reply requests that this Court also consider the Rule 12(b)(1) motion pursuant to Rule 12(b)(6) and dismiss plaintiff's complaint with prejudice.[5] Plaintiff also filed a motion for leave to file a sur-reply.[6] While defendants' motion was pending, plaintiff filed a motion[7] to "strike" defendants' motion to dismiss.

For the following reasons, defendants' Rule 12(b)(1) motion is granted, their request for the Court to consider its motion to dismiss on the merits pursuant to Rule

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 1.
[3] R. Doc. No. 18.
[4] R. Doc. No. 22.
[5] *Id.* at 5 & n.2.
[6] R. Doc. No. 24.
[7] R. Doc. No. 26.

12(b)(6) and dismiss with prejudice is denied, plaintiff's motion for leave to file a sur-reply is dismissed as moot, and plaintiff's motion to strike defendants' motion to dismiss is denied. Accordingly, plaintiff's complaint is dismissed without prejudice.

## I.    BACKGROUND

Plaintiff is a party to a mineral lease ("the Montegut Mineral Lease") on a tract of land (the "Montegut Tract") in St. John the Baptist Parish.[8] Nonparties to this lawsuit, Dr. Christy Montegut and his siblings, own the property.[9] Plaintiff's ultimate purpose in entering into the Montegut Mineral Lease was to obtain the right to sell clay material mined from the Montegut Tract to the U.S. Army Corps of Engineers for the West Shore Lake Pontchartrain Hurricane and Storm Damage Risk Reduction Project (the "WSLP Project").[10] However, the Montegut Tract is zoned as an R-1 residential district and cannot be permitted for clay mining.[11]

Plaintiff alleges that defendants "illegally refused to rezone the Montegut Tract" to the correct rural ("R") classification, which would allow plaintiff to permit the property for clay mining.[12] According to plaintiff, defendants' "erroneous" zoning and "illegal[] refus[al] to rezone the Montegut Tract" have "destroyed the value of plaintiff's Montegut Mineral Lease . . . in violation of the Takings Clause of the United States Constitution and art. I, § 4 of the Louisiana Constitution."[13]

---

[8] R. Doc. No. 1, at ¶ 32.
[9] *Id.*
[10] *Id.* at ¶¶ 3, 35.
[11] *Id.* at ¶ 57.
[12] *Id.* at ¶¶ 5, 7.
[13] *Id.* at ¶¶ 1, 5–7, 20.

2

Plaintiff, along with other individuals not involved in the current lawsuit, previously brought identical claims before this Court in *Treme v. St. John the Baptist Par.*, No. 21-1607, 2023 WL 1778947 (E.D. La. Feb. 6, 2023) (Africk, J), *aff'd as modified sub nom., Treme v. St. John the Baptist Par. Council*, 93 F.4th 792 (5th Cir. 2024).[14] In *Treme*, plaintiff alleged that defendants effected an unconstitutional taking of its "real and personal property" interests "consist[ing] of the Montegut Mineral Lease and the rights granted thereunder," and the "clay deposits located in the soil of the Montegut Tract."[15]

This Court and the Fifth Circuit found that plaintiff lacked standing for its Taking Clause claim because the Montegut Mineral Lease was not in effect, and plaintiff therefore did not have a protectable property interest in the Montegut Tract. *Treme*, 93 F.4th at 799–800. Central to this finding was a provision ("Paragraph 2") of the Montegut Mineral Lease that states:

> [T]his Lease shall be for a period of Three (3) years from the date Lessee procures approval to commence operations from local, state and federal authorities, as needed[.][16]

Both courts held that Paragraph 2 is a suspensive conditional obligation and, accordingly, that the Montegut Mineral Lease does not become a binding contract for lease until the Montegut Tract is rezoned for rural use and permitted for clay mining operations. *Id.* at 797, 799–800. As the lease was not yet in effect at the time of the

---

[14] The Fifth Circuit affirmed this Court's decision, only amending the judgment from dismissal with prejudice to dismissal without prejudice. *See Treme*, 93 F.4th at 800.
[15] *See Treme*, No. 21-1607, R. Doc. No. 78, at ¶¶ 154–56.
[16] R. Doc. No. 18-1, at ¶ 2.

3

lawsuit, plaintiff had no vested property interest and lacked standing to allege an unconstitutional taking. *Id.* at 800.

## II.   STANDARDS OF LAW

### a.   12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Under Federal Rule of Civil Procedure 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. When a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed

4

without prejudice. *See, e.g., id.*; *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### b.    Standing to Assert a Takings Claim

Article III of the U.S. Constitution limits federal jurisdiction to justiciable "Cases" and "Controversies." *Three Expo Events, L.L.C. v. City of Dallas*, 907 F.3d 333, 340 (5th Cir. 2018). A plaintiff must have standing to meet the "case-or-controversy" requirement. *McCardell v. U.S. Dep't of Hous. and Urb. Dev.*, 794 F.3d 510, 516–17 (5th Cir. 2015). Without standing, a plaintiff's claim may not proceed. *N.A.A.C.P. v. City of Kyle*, 626 F.3d 233, 237 (5th Cir. 2010).

"[T]he irreducible constitutional minimum of standing contains" as its first element the requirement that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotations and citations omitted). Louisiana law likewise provides that "an action can be brought only by a person having a real and actual interest which he asserts." La. Code Civ. Proc. Ann. art. 681; *see also Ehsani-Landry v. Jefferson Par.*, 240 So. 3d 332, 336 (La. App. 5th Cir. 2018) (finding the plaintiff lacked standing to bring takings claims pursuant to both the state and federal constitutions when he "had no ownership interest or property rights in the property").

The Takings Clause does not create property interests—it merely protects existing interests and provides that "private property [shall not] be taken for public

5

use, without just compensation." U.S. Const. amend. V. Therefore, "to prevail on a takings claim, a plaintiff first must demonstrate that he has a protectable property interest." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 269 (5th Cir. 2012). "[T]he existence of a property interest is determined by reference to existing rules or understandings that stem from an independent source such as state law." *Hignell-Stark v. City of New Orleans*, 46 F.4th 317, 322 (5th Cir. 2022) (quoting *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998) (quotation omitted)).

The Louisiana Supreme Court has recognized that "property includes not only physical objects, but the rights that persons have which flow through the physical objects, such as ownership, servitudes, and leases." *Progressive Waste Sols. of La., Inc. v. Lafayette Consol. Gov't*, No. 12-00851, 2015 WL 222396, at *2 (W.D. La. Jan. 14, 2015), *aff'd sub nom. Progressive Waste Sols. of La., Inc. v. Lafayette City-Par. Consol. Gov't*, 617 F. App'x 372 (5th Cir. 2015) (quoting *State of La., through Dep't of Transp. & Dev. v. Chambers Inv. Co.*, Inc., 595 So.2d 598 (La. 1992)). Louisiana law recognizes property rights as:

> (1) usus—the right to use or possess, i.e., hold, occupy, and utilize the property; (2) abusus—the right to abuse or alienate, i.e., transfer, lease, and encumber the property, and (3) fructus—the right to the fruits, i.e., to receive and enjoy the earnings, profits, rents, and revenues produced by or derived from the property.

*Melancon*, 703 F.3d at 269 (quoting *Rodrigue v. Rodrigue*, 218 F.3d 432, 436–37 (5th Cir. 2000)).

## III.   ANALYSIS

Defendants have moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), arguing that plaintiff lacks standing for a takings claim because Paragraph

6

2 of the Montegut Mineral Lease includes an "unfulfilled suspensive condition" and, accordingly, plaintiff "has no ownership interest in the [Montegut Tract], nor does it have any vested rights under the Mineral Lease."[17] In support of their position, defendants cite *Treme*, wherein the Fifth Circuit affirmed this Court's finding that Paragraph 2 is a suspensive condition and that because the condition was unmet, plaintiff did not hold a protectable property interest to establish standing for its takings claims.[18]

Plaintiff counters that Paragraph 2 is not a suspensive condition and that regardless, the Montegut Mineral Lease is in effect.[19] Therefore, according to plaintiff, the Montegut Mineral Lease grants AJSJS "protectable property interests" and standing to bring the present lawsuit.[20] Notably, plaintiff does not allege that it has satisfied Paragraph 2's suspensive conditions, nor does plaintiff argue that it has resolved the standing issues that resulted in the dismissal of its complaint in *Treme*. Plaintiff attempts to distinguish this action from *Treme* by claiming that the issue of whether it has a protectable property interest in the Montegut Mineral Lease was never decided.[21] Plaintiff further argues that *Treme* has no precedential value and is irrelevant to the Court's analysis.[22]

---

[17] R. Doc. No. 8-1, at 6, 9.
[18] *Id.*
[19] *See* R. Doc. No. 18, at 17–20.
[20] *Id.* at 6, 20.
[21] *See id.* at 20, 24.
[22] *Id.* at 24.

Taking the issue of *Treme*'s precedential authority first, the Court agrees with defendants that plaintiff's argument is without merit. *See Soc'y of Separationists, Inc. v. Herman*, 939 F.2d 1207 (5th Cir. 1991) (explaining that absent an "intervening contrary or superseding decision by the court en banc or the Supreme Court," panel decisions from the Fifth Circuit are binding precedent); *cf. United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) ("It is a well-settled Fifth Circuit rule of orderliness that one panel . . . may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or the en banc court." (internal citations and quotation marks omitted)). In any event, considering that the underlying facts and applicable law are identical to those present in *Treme*, to the extent that the Fifth Circuit's and this Court's prior decisions are not binding, the Court finds them extremely persuasive.

Accordingly, the Court adopts the reasoning and findings from *Treme* in interpreting Paragraph 2 as a suspensive condition of the Montegut Mineral Lease. *Treme*, 93 F.4th at 798–99. Pursuant to the lease's explicit terms, because the suspensive condition is unmet, the lease is not in effect and plaintiff lacks a "vested property interest" necessary for standing "to assert a takings claim under either the federal or state constitution." *Id.* at 800.

In an apparent attempt to distinguish the prior decision in *Treme*, plaintiff couches its arguments in terms of a property interest in the Montegut Mineral Lease as opposed to the underlying property, the Montegut Tract.[23] Plaintiff's theory is that

---

[23] R. Doc. No. 18, at 14, 20–22.

obligations in the contract, independent of those conditioned in Paragraph 2, bring the lease into effect and "grants AJSJS mineral rights . . . [to] remove and process valuable clay material from the Montegut Tract."[24] This argument is entirely unavailing.

In *Treme*, the Fifth Circuit clearly acknowledged that interference with property rights obtained through a lease may constitute a taking. 93 F.4th at 797. However, the Court also considered that if the lease includes an unmet suspensive condition, then "[t]he lease in question vests no rights in either party since it confers neither rights nor obligations until the happening of the suspensive condition." *Id*. at 799 (quoting *Sun Oil Co. v. State Min. Bd.*, 92 So. 2d 583, 586–87 (La. 1956)). Furthermore, "Louisiana courts have held that assignment of mineral rights based on leases not yet obtained are insufficient to create ownership interests because the assignments are subject to the suspensive condition of obtaining the lease." *Id*. (citing *Kincade v. Midroc Oil Co.*, 769 So. 2d 813, 816 (La. App. 2d Cir. 2000)).

Put simply, because the Montegut Mineral Lease is not in effect until Paragraph 2 is satisfied, the lease has not yet vested plaintiff with any rights. Plaintiff cannot possess a protectable property interest that does not exist and the future existence of any such interest is purely speculative pending the fulfillment of the suspensive condition. Therefore, plaintiff currently lacks standing to assert a takings claims associated with either the Montegut Mineral Lease or Montegut Tract, and the Court lacks federal subject matter jurisdiction over plaintiff's complaint.

---

[24] *Id*. at 13, 19–20.

Defendants' reply also requested that the Court dismiss plaintiff's complaint on the merits pursuant to Rule 12(b)(6).[25] However, as the Court has already determined that it lacks subject matter jurisdiction over plaintiff's claims, it would be improper to consider the merits of the same. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d at 286 ("The court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.") Similarly, as the Court has already determined it lacks jurisdiction to consider defendant's motion to dismiss on the merits pursuant to Rule 12(b)(6), plaintiff's motion for leave to file a sur-reply is moot.

Plaintiff also asks that the Court to strike defendants' motion to dismiss for a lack of standing due to state court litigation that plaintiff claims ordered the Montegut Tract rezoned for clay mining, prior to the filing of the present lawsuit.[26] Both parties failed to reference the state court judgment in this matter and consistently represented that the Montegut Tract was not currently zoned for clay mining. However, the state court judgment does not resolve plaintiff's standing deficiencies here. Even if the Montegut Tract was rezoned, plaintiff must still obtain a permit for clay mining before the Montegut Lease is in effect. *See Treme*, 93 F.4th at 799 ("Plaintiff[] admitted as an uncontested material fact that they need to obtain a change in the zoning classification <u>and</u> a <u>permit</u> . . . and therefore the lease is not yet in effect." (quotations omitted) (emphasis added)).

---

[25] R. Doc. No. 22, at 5 & n.2.

[26] R. Doc. No. 26-1, at 1.

10

Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and plaintiff's complaint[27] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants' motion[28] for leave to file a sur-reply is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion[29] to strike defendants' motion to dismiss is **DENIED**.

New Orleans, Louisiana, May 13, 2026.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. No. 1.
[28] R. Doc. No. 24.
[29] R. Doc. No. 26.

11